Rebecca DISORBO, Plaintiff–Appellee–Cross–Appellant,

Jessica Disorbo, Plaintiff–Cross–Appellant,

v.

Matthew HOY and Kenneth Hill, Individually and as Agents, Servants and/or Employees and Police Officers of the City of Schenectady Police Department, Defendants–Cross–Appellees,

The City of Schenectady and Ronald Pedersen, Individually and as an Agent, Servant and/or Employee and Police Officer of the City of Schenectady and the City of Schenectady Police Department, Defendants–Appellants–Cross–Appellees.

Nos. 02–7586, 02–7922, 02–7956, 02–7988.

United States Court of Appeals, Second Circuit.

Aug. 29, 2003.

102

Nancy E. May–Skinner (James A. Resila, on the brief), Carter, Conboy, Case, Blackmore, Maloney & Laird, Albany, NY, for Defendant–Appellant–Cross–Appellee The City of Schenectady.

Steve Coffey (Michael Koenig, on the brief), O'Connell and Aronowitz, P.C., Albany, NY, for Defendant–Appellant–Cross–Appellee Ronald Pedersen.

Kevin A. Luibrand (Adrienne J. Kerwin, on the brief), Tobin and Dempf, LLP, Albany, NY, for Plaintiff–Appellee–Cross–Appellant Rebecca DiSorbo and Plaintiff–Cross–Appellant Jessica DiSorbo.

James B. Tuttle, The Tuttle Law Firm, Albany, NY, for Defendants–Cross–Appellees Matthew Hoy and Kenneth Hill.

Present: WALKER, Chief Judge, LEVAL, and KATZMANN, Circuit Judges.

### Summary Order

Defendants-appellants-cross-appellees Ronald Pedersen and the City of Schenectady appeal from a judgment, finding them liable for violating the constitutional rights of plaintiff-appellee-cross-appellant Rebecca DiSorbo. Rebecca DiSorbo and plaintiff-cross-appellant Jessica DiSorbo cross appeal certain verdicts entered against them. The parties raise a host of issues concerning the liability verdicts and the resulting damages awards. In a published opinion also filed this date, we address the damages issues. For reasons set forth below, we affirm the judgment with respect to the liability findings.

The relevant facts are set forth in detail in the published opinion. To summarize briefly, Rebecca DiSorbo and her sister, Jessica DiSorbo, were arrested at the Union Inn Bar in Schenectady, New York, by Pedersen, a Schenectady police officer.

Rebecca DiSorbo maintains that Pedersen arrested her because she rejected his personal advances, while Pedersen contends that he arrested Rebecca DiSorbo because she became violent and abusive when he requested proof of age. Defendants-cross-appellees Officers Matthew Hoy and Kenneth Hill transported the DiSorbo sisters to the police station, where the plaintiffs allege numerous acts of police brutality. Jessica DiSorbo claims that Hoy slammed her into a door and forcibly dragged her through the station. Rebecca DiSorbo alleges that Pedersen aggressively choked her for several seconds, pushed her to the ground, and struck her repeatedly while she was defenseless. The officers maintain that any use of force was justified by the sisters' refusal to cooperate, and Pedersen denies ever choking Rebecca DiSorbo. Rebecca and Jessica DiSorbo brought claims alleging various constitutional violations against Pedersen, Hill, and Hoy, and against the City under *Monell v. Department of Social Services,* 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). After several trials, the jury found in favor of Rebecca DiSorbo on her excessive force, battery, and abuse of process claims against Pedersen and on her municipal liability claim against the City, and found in favor of the defendants on the remaining claims.

■ Pedersen and the City argue that the District Court abused its discretion by precluding the defense from calling Dr. William Long, a psychologist Rebecca DiSorbo saw several times after the incident, for the purpose of offering statements that contradicted Rebecca DiSorbo's trial testimony. Absent a waiver, Rebecca DiSorbo's communications to Dr. Long were privileged under the psychotherapist-patient privilege. *See Jaffee v. Redmond,* 518 U.S. 1, 15, 116 S.Ct. 1923, 135 L.Ed.2d 337 (1996). The record reflects that Re-

becca DiSorbo expressly declined to offer evidence from Dr. Long as to her emotional condition. Accordingly, she did not waive the confidential nature of her statements to Dr. Long, and the District Court did not abuse its discretion in excluding Dr. Long's testimony.

■ Pedersen and the City also urge us to dismiss the abuse of process claim, contending that the jury returned inconsistent verdicts by finding Pedersen liable for abuse of process, yet also concluding that he did not commit false arrest. When faced with potentially inconsistent verdicts, we "adopt a view of the case, if there is one, that resolves any seeming inconsistency." *Harris v. Niagara Mohawk Power Corp.,* 252 F.3d 592, 598 (2d Cir.2001) (quotations omitted). We need not look hard to find a way to resolve the alleged inconsistency. While the absence of probable cause is an essential element of a false arrest claim, *Curry v. City of Syracuse,* 316 F.3d 324, 335 (2d Cir.2003), liability for abuse of process does not require a showing of the lack of probable cause, *Shain v. Ellison,* 273 F.3d 56, 68 (2d Cir.2001); Am. Jur.2d, False Imprisonment § 4 (2001). The jury therefore could have concluded that Pedersen abused process without falsely arresting Rebecca DiSorbo.

■ The City offers two challenges to its municipal liability under *Monell.* First, the City argues that the District Court abused its discretion by admitting testimony on the size of the verdict and settlement received by John Rodick as a result of a brutal attack he suffered at the hands of Schenectady police officers. The City maintains that this evidence presented a danger of unfair prejudice that substantially outweighed its probative value. *See* Fed.R.Evid. 403. We conclude that the District Court did not exceed its "broad discretion to balance the evidence's potential prejudice to the defendant against its

probative value." *United States v. Downing*, 297 F.3d 52, 59 (2d Cir.2002). The evidence was relevant to the *Monell* claim, as it demonstrated the severity of Rodick's attack and established that the City was on notice of civil rights violations committed by its police officers. Further, any potential inflammatory effect on the jury's damages award to Rebecca DiSorbo was mitigated by the court's instruction that the evidence "has no relevance to any damages you find plaintiff Rebecca DiSorbo was entitled to, nor does it have any relevance to the findings you have made as to the defendant Ronald Pedersen's misconduct." This limiting instruction, which we presume the jury followed, substantially reduced any risk of unfair prejudice arising from the evidence's admission. *See United States v. Ebner*, 782 F.2d 1120, 1126 (2d Cir.1986).

■ The City also maintains that Rebecca DiSorbo offered insufficient evidence to support its liability under *Monell*. The Supreme Court held in *Monell* that municipalities may be liable under § 1983 for constitutional deprivations resulting from a governmental policy or custom. 436 U.S. at 690–91. Drawing all reasonable inferences in favor of Rebecca DiSorbo, the jury had ample basis for finding municipal liability under *Monell. See Fiacco v. City of Rensselaer*, 783 F.2d 319, 331–32 (2d Cir.1986). The jury reasonably could have inferred that the City's failure to discipline adequately and the subsequent promotions of officers involved in Rodick's beating created an atmosphere whereby the police department tolerated misconduct and even police brutality. *See Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir.1983) ("[T]he persistent failure to discipline subordinates who violate civil rights could give rise to an inference of an unlawful municipal policy of ratification of unconstitutional conduct within the meaning of *Monell*.").

■ In the cross-appeal, Rebecca DiSoboro seeks a judgment as a matter of law on her failure to intervene claim against Hill, arguing that the jury erred as a matter of law in granting Hill qualified immunity for his failure to intervene during Pedersen's use of excessive force. A judgment as a matter of law is inappropriate "unless the evidence is such that, without weighing the credibility of the witnesses or otherwise considering the weight of the evidence, there can be but one conclusion as to the verdict that reasonable [persons] could have reached." *This Is Me, Inc. v. Taylor*, 157 F.3d 139, 142 (2d Cir.1998) (internal quotations omitted). The trial testimony enabled the jury to conclude that "it was objectively reasonable for [Hill] to believe his [failure to intervene was] lawful." *Cerrone v. Brown*, 246 F.3d 194, 199 (2d Cir.2001) (internal quotation omitted). Hill testified that he fully appreciated his duty to stop another officer's use of excessive force, but never witnessed Pedersen use excessive force on Rebecca DiSorbo. Assuming the jury credited Hill's testimony, it was objectively reasonable for Hill not to intervene for the simple reason that he never witnessed any constitutional violations.

■ Rebecca DiSorbo also argues that she was entitled to a judgement as a matter of law on her false arrest claim against Pedersen, accusing the City of failing to disclose witnesses who supported her version of the events at the bar, despite discovery interrogatories demanding the names of any known witnesses. Specifically, Rebecca DiSorbo points to a letter from the City's Corporation Counsel to Pedersen, which represented that evidence from witnesses at the bar supported Rebecca DiSorbo's allegation that Pedersen made personal advances toward her. We conclude that the District Court did not abuse its discretion in finding that Rebecca Di-

Sorbo did not establish that the City withheld discovery. *See Greater Buffalo Press, Inc. v. Fed. Reserve Bank of N.Y.,* 866 F.2d 38, 47 (2d Cir.1989). The District Court could have reasonably accepted Corporation Counsel's argument that the witnesses' testimony was not different, but that the City merely interpreted that testimony differently when deciding whether to indemnify Pedersen. We note that there was no basis on the record presented to the District Court for granting judgment as a matter of law and Rebecca DiSorbo did not seek a hearing or even additional discovery to explore the issue.

■ Lastly, we affirm the District Court's denial of Jessica DiSorbo's motion for a judgment as a matter of law on her excessive force and battery claims against Hoy. Jessica DiSorbo's allegations that Hoy pushed her into a door and used excessive force in the station were contradicted by Hoy's trial testimony. Therefore, Jessica DiSorbo's excessive force and battery claims turned into a credibility contest, and we will not disturb the jury's decision to credit Hoy. *See Nadel v. Isaksson,* 321 F.3d 266, 272 (2d Cir.2003).

We have considered all the arguments raised by the parties and, for the reasons stated above, affirm the judgment with respect to the liability verdicts.